**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3893-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PEDRO M. DECASTRO a/k/a
PEDRO DECASTRO,

    Defendant-Appellant.

_____

Submitted September 29, 2021 – Decided February 1, 2022

Before Judges Fuentes and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 06-08-2615 and 06-12-3935.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Pedro DeCastro appeals the denial of his post-conviction relief (PCR) petition and alternative motion to withdraw his guilty pleas in connection with his 2007 convictions for various drug and assault offenses.

In his petition, defendant contended his trial counsel had rendered ineffective assistance by misadvising him about the deportation consequences of his guilty pleas, failing to file a direct appeal, and failing to file pre-trial motions. After hearing oral argument, Judge Martin Cronin ordered an evidentiary hearing on whether trial counsel had misadvised defendant (i) of the immigration consequences of pleading guilty and (ii) concerning any delay in filing a PCR application. During the evidentiary hearing, defendant and his trial counsel testified. Judge Cronin subsequently issued an order denying defendant's petition and alternate motion and a twenty-five-page opinion in which he found defendant's ineffective-assistance-of-counsel claims were time barred under Rule 3:22-12 and that all of his claims substantively lacked merit. Judge Cronin held defendant had failed to meet the Strickland/Fritz test to establish his trial counsel rendered ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 51-52 (1987). He also denied defendant's alternative motion to withdraw his guilty pleas,

finding defendant failed to meet the test under State v. Slater, 198 N.J. 145, 157-58 (2009).

On appeal, defendant raises the following arguments:

POINT ONE

MR. DECASTRO IS ENTITLED TO RELIEF ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS PLEA.

POINT TWO

MR. DECASTRO IS ENTITLED TO RELIEF, A REMAND OR AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HE FAILED TO FILE A DIRECT APPEAL.

POINT THREE

MR. DECASTRO IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HE FAILED TO FILE PRETRIAL MOTIONS.

POINT FOUR

MR. DECASTRO'S GUILTY PLEA MUST BE SET ASIDE OR THE MATTER REMANDED FOR AN EVIDENTIARY HEARING.

POINT FIVE

THE PCR COURT ERRONEOUSLY RULED THAT MR. DECASTRO'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WERE TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

We affirm substantially for the reasons set forth in Judge Cronin's comprehensive, written opinion.

We add that we discern no abuse of discretion in Judge Cronin's decision to limit the evidentiary hearing to defendant's claims about his trial counsel's allegedly inadequate advice. See State v. Marshall, 148 N.J. 89, 158 (1997) (holding "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted"); State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020) (holding "[w]e review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3893-19